UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DYLAN MICHAEL SIMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL INFLUENCE ON CHILD HEALTH OUTCOMES,<br><br>    Defendant. | Case No. 1:25-cv-00515-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Dylan Michael Simpson's Complaint (Dkt. 2)[1] and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Simpson's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Simpson's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court GRANTS Simpson's application to proceed in forma pauperis. That said, upon review, the Court must DISMISS Simpson's current Complaint because it fails to state a legally cognizable cause of action. It will, however, allow Simpson an opportunity to remedy the shortcomings and file an Amended

---

[1] Simpson filed a "Supplement" expounding upon the claims in his Complaint. Dkt. 8.

MEMORANDUM DECISION AND ORDER - 1

Complaint.

## II. BACKGROUND

Simpson appears to be suing his medical provider from a time when he was incarcerated for alleged medical malpractice, torture, and violations of his civil rights. *See generally,* Dkt. 8. While it is difficult to ascertain Simpson's exact claims, he essentially alleges abuse by Environmental Influence on Child Health Outcomes during the time he was receiving medical treatment while incarcerated. Dkts. 2, 8. Simpson seeks to proceed in forma pauperis, as he is unemployed, and homeless. Dkt. 1.

## III. LEGAL STANDARD

### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

MEMORANDUM DECISION AND ORDER - 2

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

The Court has examined Simpson's application to proceed in forma pauperis and

MEMORANDUM DECISION AND ORDER - 3

finds that it does establish his indigence. In his application, Simpson indicates he is homeless, does not have any income or expenses, does not have any dependents, nor does he own any assets. Dkt. 1, at 2–5. The Court finds that Simpson's application sufficiently states that because of his poverty, he cannot "pay or give security for the costs" and still be able to provide for himself "with necessities of life." *Adkins,* 335 U.S. at 339. Therefore, the Court will grant Simpson's application to proceed in Forma Pauperis and will waive the filing fee.

### B. Sufficiency of Complaint

A review of Simpson's Complaint satisfies the Court that it does not comply with the pleading requirements in any way which would allow the Court to determine if it contains any cognizable causes of action. To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *Iqbal*, 556 U.S. at 677-78. Additionally, a plaintiff must state a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a). Here, Simpson's claims lack specificity and any indication of what legal theory he is relying upon to bring his claims. *See generally* Dkt. 2. The Court cannot allow a lawsuit to proceed until Simpson can allege actual, specific facts against named individuals or entities and identify what law or statue was violated, how it was violated, and why he is entitled to relief.

At present, Simpson's Complaint—that vaguely alleges quasi medical malpractice or constitutional claims stemming from the medical care he received while incarcerated—does not rise to the level of legal claims with available remedies. In short, Simpson has not alleged facts to support any legal claim for relief and must amend his Complaint to allow


this case to proceed. Any refiling by Simpson should include a short and plain statement, and facts alleging that Simpson is entitled to relief. If this is a civil rights claim—which it appears it could be—Simpson must state the "who, what, where, when, why, and how" of each and any claim, including: (1) the name of the person or entity he claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action he alleges is unconstitutional; (5) the particular provision of the Constitution he alleges has been violated; (6) facts indicating the elements of the violation are met; (7) the injury or damages he personally suffered; and (8) the particular type of relief he is seeking from each defendant.

Additionally, while it appears there is diversity of citizenship as the Defendant, Environmental Influence on Child Health Outcomes, is located in New Mexico and Simpson is located in Idaho, the Court is skeptical that it has jurisdiction over the Defendant. *See Generally* 28 U.S. Code § 1332.

A court cannot adjudicate claims against a defendant over whom it has no jurisdiction. Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of claims where a court lacks personal jurisdiction over a defendant. The plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To establish personal jurisdiction, the plaintiff must show that "the statute of the forum confers personal jurisdiction over the nonresident defendant" and that the exercise of jurisdiction conforms

with the federal constitutional principles of due process. *See Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Under federal law, personal jurisdiction can be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1776 (2017).

A court may exercise general jurisdiction only when a defendant is "essentially at home" in the forum state. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The U.S. Supreme Court has held that alleging general jurisdiction over an out-of-state corporation merely because it is "doing business" in the forum state is "unacceptably grasping." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014).

Specific jurisdiction is applicable when a defendant has "certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc).

According to Simpon's complaint, the Defendant is "essentially at home" in New Mexico, not Idaho. Dkt. 2. Moreover, Simpson has not alleged facts indicating that the defendant purposefully availed itself of the privilege of conducting activities in the state of Idaho. Therefore, the Court cannot exercise general nor specific jurisdiction over the Defendant. Any refiling by Simpson should be filed in New Mexico or should allege facts sufficient to indicate to this Court—sitting in Idaho—that it can exercise jurisdiction over the Defendant.

## V. CONCLUSION

Simpson has sufficiently proved his indigency and the Court will waive the filing fee in this case. That said, the Court finds that Simpson's Complaint is deficient and therefore DISMISSES the Complaint WITHOUT PREJUDICE. Simpson may amend his Complaint and refile if he so chooses.

## VI. ORDER

1. Simpson's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED.

2. Simpson's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. The Court grants Simpson leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Simpson must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to submit an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: October 14, 2025

David C. Nye
Chief U.S. District Court Judge